# MANDATE

S.D.N.Y.—N.Y.C.
96-cr-1098
00-cv-2381
Rakoff, J.

United States Court of Appeals
FOR THE
SECOND CIRCUIT

      At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of January, two thousand sixteen.

Present:
    Robert D. Sack,
    Gerard E. Lynch,
    Denny Chin,
        *Circuit Judges*.

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: March 09, 2017 |

Andrew Ramsey, AKA Andrew Ramsay,

        *Petitioner*,[*]

    v.                                                      16-2113

United States of America,

        *Respondent*.

Petitioner moves for leave to file a successive 28 U.S.C. § 2255 motion challenging his judgment of conviction under 18 U.S.C. § 1959, and his sentencing calculation under the United States Sentencing Guidelines, based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). Upon due consideration, it is hereby ORDERED that the motion is DENIED because Petitioner has not made a prima facie showing that the requirements of 28 U.S.C. § 2255(h) are satisfied.

Petitioner has not made a showing that § 1959(a)(1), or any sentencing guideline provision used to calculate his sentence, contains any language similar to the statutory language that was found unconstitutional in *Johnson*. To the extent that Petitioner relies on *Johnson* for the general proposition that a provision of criminal law that is vague or otherwise provides inadequate notice

---

[*] The Clerk of Court is directed to amend the caption consistent with the caption of this order. Although "Andrew Ramsay" is used in the present motion, the district court criminal docket, and this Court's decision affirming the judgment of conviction, "Andrew Ramsey" is used in the first § 2255 proceeding, *see Ramsey v. United States*, S.D.N.Y. 00-cv-2381.

**MANDATE ISSUED ON 03/09/2017**

may be found unconstitutional, that portion of *Johnson* did not announce any new rule of constitutional law. *See Johnson*, 135 S. Ct. at 2556-57 ("The prohibition of vagueness in criminal statutes 'is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law,' and a statute that flouts it 'violates the first essential of due process.'" (quoting *Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926))). Furthermore, *Welch v. United States*, 136 S. Ct. 1257 (2016), in holding *Johnson* retroactive to cases on collateral review, focused on the substantive character of the statute then at issue without suggesting that any other provisions of criminal law were encompassed by that holding.

It is further ORDERED that the stay previously entered by this Court is now VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit